IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| TERRY ROSS | § | CIVIL ACTION NO. _____ |
| | § | |
| VS. | § | |
| | § | |
| SEACOR MARINE LLC and | § | |
| SEACOR OFFSHORE, LLC | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Plaintiff Terry Ross ("Plaintiff"), complaining of Defendants SEACOR Marine LLC and SEACOR Offshore, LLC (collectively "Seacor"), and, for cause of action, would respectfully show unto this Honorable Court the following:

### I. PARTIES

1. Plaintiff Terry Ross, is a U.S. citizen and resident of the state of Louisiana.

2. Defendant SEACOR Marine LLC, is a foreign limited liability company with its principal place of business in this District, doing business in this District and Division for the purpose of accumulating monetary profit, and may be served with process through in accordance with Rule 4(h), Fed.R.Civ.P., through its registered agent, National Registered Agents, Inc., 350 N. St. Paul Street, Suite 2900, Dallas, TX 75201-4234.

3.     Defendant SEACOR Offshore, LLC, is a foreign limited liability company doing business in this District and Division for the purpose of accumulating monetary profit, and may be served with process in accordance with Rule 4(h), Fed.R.Civ.P. at its home office, 7910 Main Street, 2nd Floor, Houma, LA 70360.

## II. JURISDICTION

4.     The Court has jurisdiction over the lawsuit under 28 U.S.C. §1333 because the suit involves admiralty and maritime jurisdiction. This case is brought pursuant 28 U.S.C. § 1333 and the general maritime law.

## III. VENUE

5.     Venue is proper in this matter pursuant to the admiralty and maritime laws of the United States, Rule 82 Fed. R. Civ. P.

## IV. FACTS

6.     At all material times hereto, Seacor owned, operated and/or crewed the M/V *Gerard Jordan,* the offshore supply vessel involved in the incident made the basis of this suit, a vessel operating in navigable waters.

7.     At all material times hereto, Plaintiff was employed by US Recovery Systems as a tank cleaner, working on the *Gerard Jordan*.

8.     On or about July 26, 2013, Plaintiff was cleaning a tank aboard the vessel, when he started to feel a burning sensation on the right side of his body, which

he reported to his supervisor. A sample of the substance within the tank, to which Plaintiff was exposed, was tested and determined to contain acid, which caused burns and/or contact dermatitis to Plaintiff's body.

9. The injuries suffered by Plaintiff were caused by the negligence and/or gross negligence of Defendants, and unseaworthiness of the vessel, in the following particulars, among others:

(a) failing to maintain the vessel and her appurtenances and/or equipment in a safe and reasonable state of repair;

(b) failing to take reasonable precautions for Plaintiff's safety;

(c) failing to provide Plaintiff, an invitee, with a reasonably safe place to work;

(d) failing to warn Plaintiff of the hazardous acid within the tank, which Defendant knew of, or of which it should have known had it exercised reasonable due care;

(e) failing to provide proper safety equipment to Plaintiff, including but not limited to a suit, head, hand, face and foot coverings to protect him from the hazardous material;

(f) failing to hold a safety meeting to discuss the contents of the tank, the potential hazards of human exposure to the contents of the tank, and the proper means of cleaning the tank so as to avoid suffering any adverse effects of the acid in the tank; and/or

(g) other acts of negligence and/or omissions to be shown at trial herein.

## V.  DAMAGES

10. As a direct and proximate result of Defendants' conduct, Plaintiff suffered the following injuries and damages, including, but not limited to: (a) mental anguish in the past and future; (b) lost earnings; (c) loss of earning capacity; (d) disfigurement in the past and future; (e) physical impairment in the past and future; (f) medical expenses in the past and future; (g) physical pain and suffering.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment against Defendants for:  actual damages in an amount exceeding the jurisdictional limits of this Court; prejudgment and postjudgment interest; punitive damages and attorney's fees; costs of suit; and all other relief to which he may be entitled.

    Respectfully submitted,

    */s/ Marc Evan Kutner*
    Marc Evan Kutner
    SBN 11770575 / SDTX 6238
    401 Louisiana Street, 8th Floor
    Houston, Texas 77002
    Telephone:  713-653-5600
    Facsimile:  713-653-5656
    Email:  mkutner@spaglaw.com

**OF COUNSEL**:

SPAGNOLETTI & CO.
Marcus R. Spagnoletti
Texas Bar No. 24076708 / SDTX 1139660
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:   713-653-5600
Facsimile:   713-653-5656
Email:       marcus@spaglaw.com

ATTORNEYS FOR PLAINTIFF